IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
00 OCT 31 PM 1:58
N.D. OF ALABAMA

BILLY HENDERSON,            )
                            )
        Petitioner,         )
                            )
v.                          )   CIVIL ACTION NO. 00-S-1496-M
                            )
EDDIE NAGLE, WARDEN; ATTORNEY )
GENERAL FOR STATE OF ALABAMA, )
                            )
        Respondents.        )

ENTERED
OCT 31 2000

MEMORANDUM OF OPINION

Petitioner has filed objections to the magistrate judge's findings and recommendation entered on September 27, 2000. The magistrate judge recommended that the petition be dismissed as untimely because it was not filed within the one year period of limitation set forth in 28 U.S.C. § 2244(d)(1)(A). On August 31, 2000 the court allowed petitioner an opportunity to offer affidavits or other evidence to show that the limitation period should be equitably tolled. Rather than respond to that order, petitioner filed a motion to compel production of documents and a motion to dismiss without prejudice. In that motion petitioner asked this court to order the court reporter for Jefferson County to prepare and provide petitioner with a copy of the transcript of the trial proceedings. He also stated that he had filed a timely notice of appeal from the denial of his Rule 32 petition and that he can "now exhaust his available state remedies." What petitioner



apparently fails to understand is that it is too late for him to exhaust his available state court remedies and then seek federal habeas relief. Because petitioner's conviction was final on July 5, 1996, he had until July 7, 1997 in which to file a federal habeas petition. This period of limitation for filing a federal habeas petition could have been tolled by the filing of a state Rule 32 petition; however, petitioner did not have a Rule 32 petition pending at any time between July 5, 1996 and July 7, 1997. Petitioner seeks to excuse his untimely filing of his federal petition on the basis that:

> a) Petitioner cannot read or write, and does not have the mental capacity to understand the law;
>
> b) Petitioner requested for Defense Counsel to Appeal his conviction but She refused to do so.
>
> . . . .
>
> f) Petitioner avers that for this Honorable Court to allow this conviction to stand would be a gross miscarriage of justice.

In *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Eleventh Circuit held that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Petitioner attempts to argue that the statute of limitation should be tolled because he cannot read or write and does not have the mental capacity to understand the law.

Petitioner's allegation of lack of legal knowledge and education is insufficient to toll the statute of limitations. *See Eisermann v. Penarosa*, 33 F. Supp.2d 1269, 1273 (D. Haw. 1999) ("Petitioner's alleged lack of legal expertise does not excuse his delay."); *Fadayiro v. United States*, 30 F. Supp.2d 772, 778 (D.N.J. 1998) ("Ignorance of the law does not justify equitable tolling of a statute of limitations."); *Henderson v. Johnson*, 1 F. Supp.2d 650, 656 (N.D. Tex. 1998) (Claims that petitioner "did not have professional legal assistance [and] 'did not know what to do' ... are far from the extraordinary circumstances required to toll the statute.")

To the extent petitioner argues that he requested defense counsel to appeal his conviction but she refused to do so, this does not excuse petitioner's failure to file his federal habeas petition within one year after his conviction became final. Finally, while petitioner alleges that to allow this conviction to stand would be a gross miscarriage of justice, he has not made showing of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324-29 (1995).

The court is satisfied that petitioner has failed to show extraordinary circumstances which would justify tolling of the limitation period. Further, it would be pointless for the court to grant petitioner's motion to dismiss without prejudice to allow

3

petitioner an opportunity to exhaust his state remedies since the federal statute of limitations has run on his federal habeas petition. There is nothing, however, to prevent petitioner from proceeding with his appeal from the denial of the state Rule 32 petition in an effort to obtain state court relief.

The court concludes that petitioner's objections are due to be OVERRULED, the motion to dismiss without prejudice DENIED and the petition for writ of habeas corpus DISMISSED as untimely. A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

DONE this the 31st day of October, 2000.

_____
UNITED STATES DISTRICT JUDGE